1
2
3
4
5
6
7

8          UNITED STATES DISTRICT COURT

9          SOUTHERN DISTRICT OF CALIFORNIA

10

11    MANUEL M. SOARES,                    Civil No.    13cv2971 BTM (RBB)
      CDCR #F-39579,
12
                           Plaintiff,      ORDER:
13
                                           (1) GRANTING MOTION TO
14                                         PROCEED *IN FORMA PAUPERIS*
                                           (ECF Doc. No. 2)
15
                                           (2) DENYING MOTION FOR
16            vs.                          APPOINTMENT OF COUNSEL
                                           (ECF Doc. No. 3)
17
                                           (3) DISMISSING PLAINTIFF'S
18                                         CLAIMS AGAINST WARDEN
                                           PARAMO PURSUANT TO
19                                         28 U.S.C. § 1915(e)(2)
      DANIEL PARAMO, Warden;              AND § 1915A(b)
20    G. STRATTON; Associate Warden;
      M. FLYNN, Correctional Counselor;    AND
21    JAN HANSSON, Psychiatrist;
      EMMA PHAN, Psychologist,             (4) DIRECTING U.S. MARSHAL
22                                         TO EFFECT SERVICE OF
                                           SUMMONS, COMPLAINT, AND
23                         Defendants.     SUPPLEMENTAL COMPLAINT
                                           UPON THE REMAINING
24                                         DEFENDANTS PURSUANT
                                           TO FED.R.CIV.P. 4(c)(3)
25                                         AND 28 U.S.C. § 1915(d)

26

27        Manuel M. Soares ("Plaintiff"), currently incarcerated at California Men's Colony

28    ("CMC") in San Luis Obispo, California and proceeding pro se, has filed a civil rights

1    Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff has also filed a Motion to Proceed *In*

2    *Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2), a Motion for

3    Appointment of Counsel (ECF Doc. No. 3), as well as a "Supplemental Pleading" which

4    he purports to file pursuant to FED.R.CIV.P. 15(d) (ECF Doc. No. 7).

5         In his Complaint (ECF Doc. No. 1), Plaintiff alleges that the Warden and Associate

6    Warden of Richard J. Donovan Correctional Facility ("RJD"), RJD Correctional

7    Counselor Flynn, RJD psychiatrist Hansson, and RJD psychologist Phan ("Defendants"),

8    violated his Fourteenth Amendment right to due process in November 2012, when they

9    failed to provide him with appropriate notice and an opportunity to be heard during a

10   "*Vitek*" hearing.[1]  After the hearing, Plaintiff was involuntarily "transferred and committed

11   to a mental hospital," Atascadero State Prison ("ASH").  *See* Compl. at 3-5, 8.

12        In his "Supplemental Pleading," Plaintiff includes additional allegations of having

13   been "falsely" placed in administrative segregation in June 2013, after he was released

14   from ASH and returned to RJD, in retaliation for "initiating appeals" related to his

15   previous involuntary transfer.  *See* Supp. Compl (ECF Doc. No. 7) at 2, 4-5, 9, 12.[2]

16

17   _____

18   [1]  In *Vitek v. Jones*, 445 U.S. 480, 493-96 (1980), the Supreme Court held that an
     involuntary transfer of a state prisoner to a state mental hospital implicated his liberty interests
19   under the Due Process Clause of the Fourteenth Amendment sufficient to require certain
     procedural safeguards prior to transfer.  *Id.*

20   [2]  Because Plaintiff's "Supplemental Pleading" raises claims of wrongdoing that are
     alleged to have occurred after his involuntary commitment in November 2012 but *before* the
21   filing of his original Complaint in December 2013, it is not technically a supplemental
     complaint as defined by FED.R.CIV.P. 15(d).  *Cf. Rhodes v. Robinson*, 621 F.3d 1002, 1007
22   (9th Cir. 2010) (citing *Griffin v. County Sch. Bd.*, 377 U.S. 218, 227 (1964) ("Rule 15(d) ...
     plainly permits supplemental amendments to cover events happening after suit....");  *William
23   Inglis & Sons Baking Co. v. ITT Cont'l Baking Co.*, 668 F.2d 1014, 1057 (9th Cir.1982) ("The
     purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the
24   parties as possible by allowing the addition of claims which arise after the initial pleadings are
     filed.")).  However, because Plaintiff is proceeding without counsel, and the Court finds the
25   allegations in his Supplemental Pleading are clearly related to those alleged in his original
     complaint against the same named Defendants, yet are not intended to supersede his previous
26   pleading, it shall consider the claims in Plaintiff's supplemental pleading as though they were
     included as part of his original complaint.  *See Bernhardt v. Los Angeles County*, 339 F.3d
27   920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally, including
     pro se motions as well as complaints.");  *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d
28   621, 623 (9th Cir. 1988) (where a plaintiff appears in propria persona in a civil rights case, the
     Court must construe the pleadings liberally and afford plaintiff any benefit of the doubt).

1    Plaintiff seeks injunctive relief preventing Defendants from "ever sending him to
2  a mental hospital without due process," as well as nominal, compensatory and punitive
3  damages. *See* Compl. (ECF Doc. No. 1) at 18.[3]

4  **I.    MOTION TO PROCEED IFP**

5    All parties instituting any civil action, suit or proceeding in a district court of the
6  United States, except an application for writ of habeas corpus, must pay a filing fee of
7  $400. *See* 28 U.S.C. § 1914(a).[4]  An action may proceed despite a plaintiff's failure to
8  prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C.
9  § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, a
10 prisoner granted leave to proceed IFP remains obligated to pay the entire fee in
11 installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C.
12 § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

13   Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act
14 ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the
15 trust fund account statement (or institutional equivalent) for the prisoner for the six-month
16 period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2);
17 *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account
18 statement, the Court must assess an initial payment of 20% of (a) the average monthly
19 deposits in the account for the past six months, or (b) the average monthly balance in the
20 account for the past six months, whichever is greater, unless the prisoner has no assets.
21 *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the

22

23   [3] While Plaintiff was incarcerated at RJD at the time he filed his Complaint, he has since
   filed two Notices of Change of Address indicating he is currently housed at CMC in San Luis
24 Obispo (ECF Doc. Nos. 4, 5).  Plaintiff's transfer moots his claims for injunctive relief. *See*
   *Preiser v. Newkirk*, 422 U.S. 395, 402-03 (1975) (where prisoner challenges conditions of
25 confinement and seeks injunctive relief, transfer to another prison renders request for injunctive
   relief moot absent evidence of an expectation that prisoner will be transferred back to offending
26 institution); *accord Johnson v. Moore*, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

27   [4] In addition to the $350 statutory fee, all parties filing civil actions on or after May 1,
   2013, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a), (b); Judicial
28 Conference Schedule of Fees, District Court Misc. Fee Schedule (eff. May 1, 2013). However,
   the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP.
   *Id.*

1  prisoner must collect subsequent payments, assessed at 20% of the preceding month's

2  income, in any month in which the prisoner's account exceeds $10, and forward those

3  payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

4         In support of his IFP Motion, Plaintiff has submitted a certified copy of his trust

5  account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *Andrews*,

6  398 F.3d at 1119. The Court has reviewed Plaintiff's trust account statement, as well as

7  the attached prison certificate issued by the CDCR's trust account officials verifying his

8  available balances, and has determined that Plaintiff has no available funds from which

9  to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event

10 shall a prisoner be prohibited from bringing a civil action or appealing a civil action or

11 criminal judgment for the reason that the prisoner has no assets and no means by which

12 to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C.

13 § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based

14 solely on a "failure to pay . . . due to the lack of funds available to him when payment is

15 ordered.").

16        Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF Doc. No.

17 2) and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire

18 $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of

19 the Court pursuant to the installment payment provisions set forth in 28 U.S.C.

20 § 1915(b)(1).

21 **II.    MOTION FOR APPOINTMENT OF COUNSEL**

22        Plaintiff also requests appointment of counsel because he is indigent, incarcerated,

23 and has limited knowledge of the law. *See* Pl.'s Mot. for Appoint. Counsel (ECF Doc.

24 No. 3) at 1-2.

25        Nonetheless, "[t]here is no constitutional right to appointed counsel in a § 1983

26 action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Storseth v.*

27 *Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)); *see also Hedges v. Resolution Trust*

28 *Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to

1 | counsel in civil proceedings.") (citation omitted). Federal courts do not have the authority
2 | "to make coercive appointments of counsel." *Mallard v. United States District Court*,
3 | 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54
4 | F.3d 564, 569 (9th Cir. 1995).

5 | Districts courts have discretion pursuant to 28 U.S.C. § 1915(e)(1), to "request" that
6 | an attorney represent indigent civil litigants upon a showing of "exceptional
7 | circumstances." *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th
8 | Cir. 2004); *Rand*, 113 F.3d at 1525. However, a finding of exceptional circumstances
9 | requires "an evaluation of the likelihood of the plaintiff's success on the merits and an
10 | evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the
11 | legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789
12 | F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.
13 | 1991).

14 | Any pro se litigant "would be better served with the assistance of counsel." *Rand*,
15 | 113 F.3d at 1525 (citing *Wilborn*, 789 F.2d at 1331). However, so long as a pro se litigant,
16 | like Plaintiff in this case, is able to "articulate his claims against the relative complexity of
17 | the matter," the "exceptional circumstances" which might *require* the appointment of
18 | counsel do not exist. *Id.* (finding no abuse of discretion under 28 U.S.C. § 1915(e) when
19 | district court denied appointment of counsel despite fact that pro se prisoner "may well
20 | have fared better–particularly in the realms of discovery and the securing of expert
21 | testimony.").

22 | As currently pleaded, Plaintiff's Complaint demonstrates an ability to articulate
23 | essential facts supporting his claims and to identify the relevant constitutional principles
24 | implicated. Thus, at least at this initial pleading stage, the Court finds he appears to have
25 | an adequate grasp of the facts supporting his case as well as the relatively straightforward
26 | issues involved. *See Terrell*, 935 F.2d at 1017. In fact, as discussed below, Plaintiff's
27 | Complaints allege due process and retaliation claims sufficient to survive the initial
28 | screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A. Because Plaintiff has not

1    satisfied the stringent standards required for an appointment of counsel under 28 U.S.C.

2    § 1915(e)(1), however, his Motion for Appointment of Counsel (ECF Doc. No. 3) must

3    be DENIED without prejudice at this time.

4    **III.    Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

5        **A.    Standard of Review**

6        The PLRA also obligates the Court to review complaints filed by all persons

7    proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any

8    facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of

9    criminal law or the terms or conditions of parole, probation, pretrial release, or

10   diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C.

11   §§ 1915(e)(2) and 1915A(b).  Under these provisions of the PLRA, the Court must sua

12   sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail

13   to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C.

14   §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en

15   banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing

16   28 U.S.C. § 1915A(b)).

17       All complaints must contain "a short and plain statement of the claim showing that

18   the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Detailed factual allegations are not

19   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

20   conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing

21   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "Determining whether a

22   complaint states a plausible claim for relief [is] ... a context-specific task that requires the

23   reviewing court to draw on its judicial experience and common sense." *Id.* The "mere

24   possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also*

25   *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

26       "When there are well-pleaded factual allegations, a court should assume their

27   veracity, and then determine whether they plausibly give rise to an entitlement to relief."

28   *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)

1 ("[W]hen determining whether a complaint states a claim, a court must accept as true all

2 allegations of material fact and must construe those facts in the light most favorable to the

3 plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that

4 § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

5 However, while the court "ha[s] an obligation where the petitioner is pro se,

6 particularly in civil rights cases, to construe the pleadings liberally and to afford the

7 petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir.

8 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not, in so

9 doing, "supply essential elements of claims that were not initially pled." *Ivey v. Board of*

10 *Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

11 **B.    42 U.S.C. § 1983**

12 "Section 1983 creates a private right of action against individuals who, acting under

13 color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*,

14 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive

15 rights, but merely provides a method for vindicating federal rights elsewhere conferred."

16 *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations

17 omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a

18 right secured by the Constitution and laws of the United States, and (2) that the

19 deprivation was committed by a person acting under color of state law." *Tsao v. Desert*

20 *Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

21 **C.    Respondeat Superior – Warden Paramo**

22 As an initial matter, Plaintiff names RJD's Warden, Daniel Paramo, as a Defendant,

23 but he fails to set forth any specific factual allegations with regard to Warden Paramo.

24 While Plaintiff includes Paramo in both the caption of his Complaint and in the list of

25 Defendants he seeks to hold liable, he claims only that Paramo as Warden is "legally

26 responsible of the operation of RJD and for the welfare of all inmates confined [there]."

27 Compl. at 4. Plaintiff makes no further mention of Paramo, and makes no allegation of

28 constitutional wrongdoing by Paramo in either the body of his Complaint or his

1 │ "Supplemental Pleading."  Thus, without more, it appears Plaintiff seeks to hold the

2 │ Warden responsible in his supervisory capacity over his subordinate prison officials.

3 │ However, there is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer*

4 │ *v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993); *see also Iqbal*, 556 U.S. at 676

5 │ ("[V]icarious liability is inapplicable to ... § 1983 suits.").  Instead, a plaintiff "must

6 │ plead that each government-official defendant, through the official's own individual

7 │ actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676; *see also Jones v.*

8 │ *Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir.

9 │ 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt

10 │ acts which defendants engaged in" in order to state a claim).  "The inquiry into causation

11 │ must be individualized and focus on the duties and responsibilities of each individual

12 │ defendant whose acts or omissions are alleged to have caused a constitutional

13 │ deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*,

14 │ 423 U.S. 362, 370-71 (1976)); *see also Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir.

15 │ 2011).

16 │ Supervisory prison officials may only be held liable for the allegedly

17 │ unconstitutional violations of a subordinate if Plaintiff sets forth allegations which show:

18 │ (1) how or to what extent they personally participated in or directed a subordinate's

19 │ actions, and (2) in either acting or failing to act, they were an actual and proximate cause

20 │ of the deprivation of Plaintiff's constitutional rights. *Johnson v. Duffy*, 588 F.2d 740,

21 │ 743 (9th Cir. 1978); *Starr*, 652 F.3d at 1207-08. As currently pleaded, however,

22 │ Plaintiff's Complaint fails to include *any* "factual content that [would] allow[] the court

23 │ to draw [a] reasonable inference" in support of an individualized constitutional violation

24 │ committed by the Warden. *Iqbal*, 556 U.S. at 678.

25 │ For this reason, Plaintiff's Complaints fail to state a claim upon which section

26 │ 1983 relief can be granted as to Defendant Paramo. *See* 28 U.S.C. § 1915(e)(2),

27 │ § 1915A(b); *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

28 │ //

**D.**    **Remaining Claims and Defendants**

However, the Court finds Plaintiff's due process and retaliation claims as alleged in both his Complaint and his Supplemental Pleading against Defendants Stratton, Flynn, Hansson, and Phan are sufficient to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Carty v. Nelson*, 426 F.3d 1064, 1074 (9th Cir. 2005) (due process requires that a prisoner facing an involuntary commitment to a mental hospitals be provided: "(1) written notice; (2) a hearing at which the evidence being relied upon for the commitment is disclosed to the prisoner; (3) an opportunity at the hearing for the prisoner to be heard in person, to present testimony and documentary evidence, and to cross-examine witnesses called by the State; (4) an independent decision-maker; (5) reasoned findings of fact; (6) legal counsel; and (7) effective and timely notice of these rights.") (citing *Vitek*, 445 U.S. at 494-97); *see also Watison v. Carter,* 668 F.3d 1108, 1114-15 (9th Cir. 2012) (finding prisoner's allegations of having been charged with a disciplinary violation and placed in segregation "shortly after" he had filed a grievance sufficient to state a First Amendment retaliation claim).

Accordingly, the Court finds Plaintiff is entitled to U.S. Marshal service upon Defendants Stratton, Flynn, Hansson, and Phan on his behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915.").

**IV.**    **CONCLUSION AND ORDER**

Good cause appearing, IT IS HEREBY ORDERED that:

1.    Plaintiff's Motion for Appointment of Counsel (ECF Doc. No. 3) is DENIED.

2.    Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2) is GRANTED.

3.    The Secretary of the California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

4.    The Clerk of the Court is directed to serve a copy of this Order on Jeffrey A. Beard, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

**IT IS FURTHER ORDERED** that:

5.    Plaintiff's claims against Defendant PARAMO are dismissed without prejudice, and with leave to amend, for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

6.    However, the Clerk shall issue a summons as to Plaintiff's Complaint (ECF Doc. No. 1) and his Supplemental Pleading (ECF Doc. No. 7) upon the remaining Defendants G. STRATTON, M. FLYNN, JAN HANSSON, and EMMA PHAN, and shall and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants.  In addition, the Clerk shall provide Plaintiff with a certified copy of this Order and a certified copy of his Complaint and Supplemental Pleading and summons so that he may serve each Defendant.  Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package.  The U.S. Marshal shall then serve a copy of the Complaint, Supplemental Complaint, and summons upon Defendants as directed by Plaintiff on the USM Form 285s.  All costs of service shall be advanced by the United States.  *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

7.    Defendants are thereafter ORDERED to reply to Plaintiff's Complaint and

1 his Supplemental Pleading within the time provided by the applicable provisions of

2 Federal Rule of Civil Procedure 12(a).[5] *See* 42 U.S.C. § 1997e(g)(2) (while a defendant

3 may occasionally be permitted to "waive the right to reply to any action brought by a

4 prisoner confined in any jail, prison, or other correctional facility under section 1983,"

5 once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2)

6 and § 1915A(b), and thus, has made a preliminary determination based on the face on the

7 pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the

8 defendant is required to respond).

9        8.     Plaintiff shall serve upon the Defendants or, if appearance has been entered

10 by counsel, upon Defendants' counsel, a copy of every further pleading or other

11 document submitted for consideration of the Court. Plaintiff shall include with the

12 original paper to be filed with the Clerk of the Court a certificate stating the manner in

13 which a true and correct copy of any document was served on Defendants, or counsel for

14 Defendants, and the date of service. Any paper received by the Court which has not been

15 filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

16

17

18 DATED: *August 4, 2014*     *Barry Ted Moskowitz*

19                             BARRY TED MOSKOWITZ, Chief Judge
United States District Court

20

21

22

23

24

25

26

27

---

28     [5]  Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).