UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL M. SOARES,<br>CDCR # F-39579,<br>                                    Plaintiff,<br><br>vs.<br><br>DANIEL PARAMO, Warden;<br>G. STRATTON, Associate Warden;<br>M. FLYNN, Correctional Counselor;<br>J. LEARD-HANSSON, Psychiatrist;<br>E. PHAN, Psychologist,<br>                                    Defendants. | Case No.:  13cv2971 BTM (RBB)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL [ECF NO. 58]** |

Manuel M. Soares ("Plaintiff"), is a prisoner currently incarcerated at the California Health Care Facility in Stockton, California, and is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983 [ECF Nos. 1, 9].  In his Complaint, he alleges that Defendants correctional and mental health care officials employed at Richard J. Donovan Correctional Facility, where Plaintiff was incarcerated in November 2012, violated his Fourteenth Amendment right to due process when they committed him

1

to a mental hospital, Atascadero State Prison.  (Compl. 1-2, 3-5, 8, ECF No. 1.)  Soares filed a supplemental pleading, alleging Defendants violated his First Amendment right by placing him in administrative segregation in retaliation for filing an inmate grievance regarding his commitment proceeding and for filing another grievance alleging that falsified documentation had been placed in his medical file.  (Suppl. Compl. 9-10, ECF No. 7.)  On April 13, 2016, he filed a Motion for Appointment of Counsel pursuant to 28 U.S.C. § 1915(e)(1) [ECF No. 58].[1]  For the following reasons, Plaintiff's Motion is DENIED without prejudice.

## I.  Legal Standard

"The court may request an attorney to represent any person unable to afford counsel."  28 U.S.C.A. § 1915(e)(1) (West 2010).  But "it is well-established that there is generally no constitutional right to counsel in civil cases."  United States v. Sardone, 94 F.3d 1233, 1236 (9th Cir. 1996) (citing Hedges v. Resolution Trust Corp., 32 F.3d 1360, 1363 (9th Cir. 1994)).  There is also no constitutional right to a court-appointed attorney in § 1983 claims.  Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981)); accord Campbell v. Burt, 141 F.3d 927, 931 (9th Cir. 1998).  Federal courts do not have the authority "to make coercive appointments of counsel."  Mallard v. United States Dist. Ct., 490 U.S. 296, 310 (1989) (discussing § 1915(d)); see also United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995).

Nevertheless, district courts have discretion, pursuant to 28 U.S.C. § 1915(e)(1), to request attorney representation for indigent civil litigants upon a showing of exceptional circumstances.  See Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004) (citing Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984)); Terrell v. Brewer, 935

---

[1] This is Plaintiff's second request for court-appointed counsel.  (See Pl.'s Mot. Appoint Counsel, ECF No. 3.)  The Court previously denied Soares's Motion for Appointment of Counsel [ECF No. 9].

F.2d 1015, 1017 (9th Cir. 1991); <u>Burns v. County of King</u>, 883 F.2d 819, 824 (9th Cir. 1989) ("Appointment of counsel in civil matters in the Ninth Circuit is restricted to 'exceptional circumstances'") (quotation omitted). "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" <u>Agyeman</u>, 390 F.3d at 1103 (quoting <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986)). "'Neither of these factors is dispositive and both must be viewed together before reaching a decision.'" <u>Terrell</u>, 935 F.2d at 1017 (quoting <u>Wilborn</u>, 789 F.2d at 1331).

**II.     Discussion**

Plaintiff seeks an appointment of counsel to assist him at a deposition. (Pl.'s Mot. Appointment Counsel 2, ECF No. 58.) Soares claims that he was given notice that Defendants will depose him on April 5, 2016. (<u>Id.</u>) Plaintiff argues that he "would be prejudiced in this type of procedure without an experienced Attorney present to preserve his rights in this matter." (<u>Id.</u>) He does not explain why he would not be able to answer deposition questions in this case without the assistance of counsel.

Soares was able to participate pro se in a telephonic case management conference with this Court on October 9, 2015. (<u>See</u> Mins., Oct. 9, 2015, ECF No. 41.) During the conference, he could articulate his position and communicate about his claims. The Court finds no reason why Plaintiff would be unable to participate in a video deposition without being represented by counsel. Additionally, Plaintiff's Motion was signed on March 23, 2016, but was not filed with the Court until April 13, 2016, ostensibly after the date Soares's deposition was to be held. Thus, Plaintiff's request for a lawyer to be present at his deposition is now moot.

The docket in this case demonstrates that Plaintiff is able to adequately litigate his claims by filing appropriate pleadings, motions, exhibits, notices, and requests with the Court. (<u>See</u> Compl., ECF No. 1; Suppl. Compl., ECF No. 7; Ex. H Suppl. Compl., ECF

No. 12; Objection, ECF No. 22; Resp. Opp'n Mot. Summ. J., ECF No. 24; Decl. Supp. Pl.'s Opp'n Mot. Summ. J., ECF No. 28; Notice Regarding Administrative Exhaustion, ECF No. 32; Mot. Leave Join/Amend, ECF No. 45; Pl.'s Mot. Summ. J., ECF No. 55.) As mentioned above, this is Plaintiff's second request for appointment of counsel. In denying Soares's first Motion for Appointment of Counsel, the Court noted that "Plaintiff's Complaint demonstrates an ability to articulate essential facts supporting his claims and to identify the relevant constitutional principles implicated." (Order Denying Mot. Counsel 5, ECF No. 9.) The Court found that Soares had "an adequate grasp of the facts supporting his case as well as the relatively straightforward issues involved." (Id.)

The Court acknowledges that any pro se litigant "would be better served with the assistance of counsel." Rand, 113 F.3d at 1525 (citing Wilborn, 789 F.2d at 1331). In this instance, however, Plaintiff has shown the ability to articulate his claims in this matter. This factor weighs against appointing counsel.

**III. Conclusion**

For these reasons, Plaintiff's for Appointment of Counsel pursuant to 28 U.S.C. § 1915(e)(1) [ECF No. 58] is DENIED without prejudice.

**IT IS SO ORDERED**.

Dated: May 17, 2016

_____
Hon. Ruben B. Brooks
United States Magistrate Judge