UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL M. SOARES,<br>CDCR # F-39579,<br><br>           Plaintiff,<br><br>   vs.<br><br>DANIEL PARAMO, Warden;<br>G. STRATTON, Associate Warden;<br>M. FLYNN, Correctional Counselor;<br>J. LEARD-HANSSON, Psychiatrist;<br>E. PHAN, Psychologist,<br>          Defendants. | Case No.: 13cv2971 BTM (RBB)<br><br>**ORDER:**<br><br>**GRANTING PLAINTIFF'S MOTION TO JOIN/AMEND OTHER PARTIES/DEFENDANTS [ECF No. 45]**<br><br>**AND**<br><br>**DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE [ECF No. 55]** |

  Manuel M. Soares ("Plaintiff"), a prisoner currently incarcerated at the California Health Care Facility ("CHCF") in Stockton, California, is proceeding pro se and in this civil rights action filed pursuant to 42 U.S.C. § 1983.

  Defendants are all correctional and mental health care officials employed at Richard J. Donovan Correctional Facility ("RJD") where Plaintiff was incarcerated in November 2012. *See* ECF No. 1 at 1-2, 4-5.

1

In his Complaint, Plaintiff contends Defendants committed him to Atascadero State Hospital ("ASH") on November 27, 2012, "without appropriate procedural protections and independent/qualified assistance" in violation of his Fourteenth Amendment right to due process. *Id.* at 8, 13. In his Supplemental Complaint, Plaintiff alleges Defendants further violated his First Amendment right to access to the court and petition for redress by placing him in administrative segregation after he returned to RJD on December 17, 2012, in retaliation for filing an inmate grievance related to his November 27, 2012 commitment proceeding, and for filing another grievance alleging that falsified documentation had been placed in his medical file. *See* ECF No. 7 at 9-10. Plaintiff seeks declaratory relief, an injunction prohibiting Defendants from "ever sending him to a mental hospital without due process," $10,000 in nominal damages, and $100,000 in both compensatory and punitive damages. *See* ECF No. 1 at 15, 18.

## I.     Procedural History

On August 5, 2014, the Court granted Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and screened both Plaintiff's Complaint and his Supplemental Complaint before service as required by 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See* ECF No. 9. While the Court dismissed Warden Paramo without prejudice as a party on respondeat superior grounds, *id.* at 7-8, it found Plaintiff's due process and retaliation allegations against Defendants Stratton, Flynn, Hansson,[1] and Phan sufficient to state plausible claims upon which relief may be granted. *Id.* at 9 (citing *Carty v. Nelson*, 426 F.3d 1064, 1074 (9th Cir. 2005); *Vitek v. Jones*, 445 U.S. 480, 494-97 (1980); *Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012)).

On September 8, 2015, the Court denied Defendant Stratton, Flynn, Leard-Hansson, and Phan's Partial Motion for Summary Judgment based on Plaintiff's purported failure to

---

[1] Plaintiff refers to Defendant Leard-Hansson as "Hansson" throughout his Complaint and Supplemental Complaint, but for purposes of clarity and consistency, the Court will refer to this party as Leard-Hansson, except when quoting Plaintiff's pleadings.

2

exhaust available administrative remedies prior to suit pursuant to FED. R. CIV. P. 56 and 42 U.S.C. § 1997e(a) (ECF No. 34). On September 22, 2015, Defendants Stratton, Flynn, Leard-Hansson, and Phan filed an Answer (ECF No. 35).

On October 9, 2015, U.S. Magistrate Judge Ruben B. Brooks issued a Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings in this case pursuant to S.D. CAL. CIVLR 16.1(d) (ECF No. 43). The parties were advised that any motion to join other parties, to amend the pleadings, or to file additional pleadings must be filed by December 7, 2015. *Id.* at 1.

## II. Plaintiff's Motions

On November 11, 2015, Plaintiff filed a "Motion for Leave to Join/Amend Other Parties/Defendants" pursuant to FED. R. CIV. P. 20 (ECF No. 45). Plaintiff "requests leave to join six (6) other defendants" as parties to the "First Amendment retaliation claim" alleged in the Supplemental Complaint he filed on January 15, 2014 (ECF No. 7). Defendants have filed an Opposition (ECF No. 50), to which Plaintiff has filed a Reply (ECF No. 51).

On March 15, 2016, Plaintiff also filed a Motion for Summary Judgment pursuant to FED. R. CIV. P 56 as to the Answering Defendants Stratton, Flynn, Leard-Hansson and Phan (ECF No. 55). On March 22, 2016, Defendants Stratton, Flynn, Leard-Hansson, and Phan filed an Opposition to Plaintiff's Motion for Summary Judgment (ECF No. 56), and on April 7, 2016, Plaintiff filed his Reply (ECF No. 57).

## III. Factual Allegations in Plaintiff's Complaint and Supplemental Complaint

On November 5, 2012, Plaintiff contends he was "called into Defendant Phan's office and asked to sign a referral form to commit him to a mental hospital." *See* ECF No. 1 at 6 ¶ 11 & Ex. A at 21. Plaintiff alleges Phan is a RJD psychologist. *Id.* at 2, 5 ¶ 7. Plaintiff "refused to sign the document and became embroiled in a verbal conflict with [] Phan," who together with Defendant Leard-Hansson, a RJD psychiatrist, had "prior to this date . . . attempted to entice Plaintiff into voluntarily going to ASH." *Id.* at 5-6 & Ex. A at 21, Mental Health Due Process Chrono ("CDCR 7480"), dated Nov. 5, 2012.


On November 16, 2012, Plaintiff claims he was called into Defendant Flynn's Office, and "informed that . . . Flynn was going to take him to a *Vitek* hearing." *Id.* at 6 ¶ 12.[2] Defendant Flynn is alleged to be a Correctional Counselor at RJD. *Id.* at 4 ¶ 6. Plaintiff claims Flynn "never interviewed or evaluated [him]" before the November 16, 2012 hearing, *id.*, and that he was "given no written notice before the hearing. *Id.* at 6 ¶ 12. Plaintiff alleges Flynn was introduced as his "staff assistant" at the hearing, but Flynn "did not say one word to defend [him]," "did not act in [his] best interest," and instead, "was simply present." *Id.* ¶ 13.

Plaintiff alleges Defendant Stratton, a RJD Associate Warden, "was the fact-finder decision maker" at the November 16, 2012 *Vitek* hearing, and at its conclusion, Stratton "informed Plaintiff that he was 'going to have to go with the doctor's recommendations' and commit [him] to a mental hospital." *Id.* at 7 ¶ 14. Plaintiff further contends that "at no time whatsoever was [he] given a written statement as to evidence relied on" or the "reasons for th[e] transfer." *Id.*; *see also* Ex. D at 4, Classification: ICC Vitek Hearing ("CDC-128G") dated Nov. 16, 2012.

Several days later, Plaintiff alleges he continued to object to Leard-Hansson and expressed his concerns related to the commitment. Specifically, Plaintiff told Leard-Hansson that he had spoken to Phan, and had opposed commitment "many times," on grounds that his brother, whom he had seen only once in ten years, was coming to visit from another country, and because he would be "devastated" to lose his culinary job at

---

[2] In *Vitek v. Jones*, 445 U.S. 480 (1980), the Supreme Court held that an involuntary transfer of a state prisoner to a state mental hospital implicated liberty interests protected by the Due Process Clause of the Fourteenth Amendment, and therefore required certain procedural safeguards prior to transfer. *Id.* at 493-96. Pursuant to *Vitek*, CAL. CODE REGS., tit. 15 § 3369.1(a) provides that California inmates "considered for placement in a Department of Mental Health hospital pursuant to Penal Code section 2684 shall be informed of their rights to a hearing on the placement and to waive such a hearing." *Id.* § 3369.1(a)(1)-(5).

4

RJD. *Id.* ¶ 15. Leard-Hansson allegedly told Plaintiff he would speak with Phan, and later indicated they would "hold off on []his transfer." *Id.* However, on November 26, 2012, Phan informed Plaintiff that after having consulted with Leard-Hansson, they decided to move forward with his commitment. *Id.* ¶ 16; *see also* Ex. B at 28, Interdisciplinary Progress Notes ("CDCR Form MH-7230A"), dated Nov. 26, 2012.

Plaintiff was "transferred and committed" to ASH on November 27, 2012. *See* ECF No. 1 at 8 ¶ 17. After arrival, Plaintiff continued to object to his commitment, and expressed his desire to return to RJD. *Id.* On December 11, 2012, Plaintiff was assessed by a Counseling Psychologist at ASH, who recommended no diagnostic changes, but also noted that "[b]ased on [Plaintiff's] past history and current reporting of symptoms[,] his depression [could] be managed without issue in corrections." *Id.*, & Ex. C at 30-31.

A week later, on December 17, 2012, Plaintiff was "transferred back" to RJD where he was "placed in administrative segregation due to no available beds." *Id.* ¶ 19. After his release from segregation, Plaintiff alleges to have begun "researching *Vitek* procedures," to have "written letters to the Prison Law Office" complaining that his commitment lacked the "appropriate procedural protections," and to have filed a CDCR 602 administrative appeal, Log No. RJD HC 13047781, challenging the decision to commit him. *Id.* at 8, ¶¶ 19-20 & Exs. D & E. On November 5, 2013, Plaintiff alleges Log No. RJD HC 13047781 was "denied at the highest level and exhausted." *Id.* at 12 ¶ 27 & Ex. E at 44-62.

In his Supplemental Complaint, Plaintiff contends that on February 27, 2013, he informed Leard-Hansson that he was "filing a complaint against him and Defendant Phan," and that he "wanted another psychiatrist appointed to [treat] him." *See* ECF No. 7 at 2 ¶ 2. Plaintiff claims Leard-Hansson left his cell, only to return 15-20 minutes later with a correctional officer and a "prepared CDC 7225 Form (a Refusal of Examination and/or Treatment)," which indicated Plaintiff was "refusing to take his medication." *Id.* ¶ 3. Plaintiff claims Leard-Hansson told Plaintiff to sign the CDC 7225, but Plaintiff "crossed X out Defendant Hansson's writing and began to write down his reason why he did not

5

want to see Defendant Hansson." *Id.* Plaintiff then claims Hansson "ordered Correctional Officer S. Masterson to confiscate [the CDC 7225] and they both left." *Id.* at 3 ¶ 4.

A week later, when Plaintiff "noticed his blue pill for his depression was not being administered," he was "informed by the nurse it was discontinued." *Id.* ¶ 5. Plaintiff requested a review of his medical file and alleges to have discovered "falsified medical documentation" related to his February 27, 2013 interaction with Leard-Hansson. *Id.* Specifically, Plaintiff alleges Leard-Hansson "destroy[ed] the original CDC 7225 Form" presented to him, and "falsified documentation" in his medical file indicating he had refused medication. *Id.* at 3-6, 11-12, ¶¶ 5-6, 11-12.

Plaintiff alleges to have filed a CDCR 602 administrative appeal, Log No. RJD HC 13048401, requesting a "criminal investigation" related to the incident. *Id.* at 3-6 ¶¶ 5-6, 11-12 & *id.* at 46-50, Pl.'s "602 Exhibit B." On May 15, 2013, Plaintiff was interviewed regarding Log No. RJD HC 13048401, "appointed another psychiatrist and … placed back on his medication." *Id.* at 4 ¶ 6. Because prison officials "failed to investigate" his claims related to the alleged falsification of his medical records, however, Plaintiff alleges he "resubmitted this appeal requesting an investigation." *Id.*

Approximately two weeks later, on June 6, 2013, Plaintiff claims he was called into the Program Office and informed by Lt. Pendleton that he was suspected of writing "graffiti . . . against a mental health clinician." *Id.* ¶ 7. Four hours after, Plaintiff was "placed into administrative segregation" based on his allegedly "inappropriate behavior." *Id.* at 4 ¶ 8; *id.* at 20 "CDC 114-D," dated June 6, 2013. Plaintiff was issued another CDC 114-D on August 1, 2013, informing him that he was "being retained" in segregation "pending ICC review for appropriate program and housing needs," and based in part on a confidential memorandum dated June 7, 2013 which implicated him. *Id.* at 4-5 ¶¶ 8-10; *id.* at 22. Plaintiff claims he remained in segregation for six months "without any evidence or disciplinary write up," and based "on a false premise of 'inappropriate behavior on a mental health clinician.'" Plaintiff contends "these actions were deliberately planned" for "retaliatory purposes" due to his having initiated CDCR appeal Log Nos. RJD HC

6

13047781 and RJD HC 13048401. *Id.* at 9-10, ¶¶ 20-21.

## IV. Plaintiff's Motion for Leave to Join/Amend

In his "Motion for Leave to Join/Amend Other Parties pursuant to FED. R. CIV. P. 20," Plaintiff seeks to "join six (6) other defendants relating to his retaliation claim." *See* ECF No. 45 at 2. Plaintiff seeks leave to amend contending that RJD's Warden D. Paramo, Associate Warden Hernandez, Supervising Psychologist C.L. Daub, Correctional Counselor Cortez, Lieutenant V. Sosa, and Lieutenant E. Ortiz may be joined as additional parties because each was "'personally involved' [in] violating [his] civil rights." *Id.* Specifically, Plaintiff seeks to join these parties based on the claims of retaliation alleged in, and the exhibits attached to, his Supplemental Complaint (ECF No. 7). *Id.* at 5-8.

Defendants object arguing that Plaintiff has failed to allege that the proposed Defendants' "actions arose out of the same transaction or occurrence" as those alleged in his Supplemental Complaint (ECF No. 7), and "there is nothing for the Court to determine that there are common questions of law or fact between the proposed defendnants' actions and those Defendants currently before the Court." *See* ECF No. 50 at 2.

### A. Legal Standards

Because Plaintiff seeks to amend his pleadings to add six additional parties as defendants, after a responsive pleading has been served, the Court must consider both Federal Rules of Civil Procedure 15 and 20. *Desert Empire Bank v. Ins. Co.*, 623 F.2d 1371, 1374 (9th Cir. 1980).

Because Defendants have already filed an Answer (ECF No. 35), Rule 15(a)(2) permits amendment ". . . only with the opposing part[ies]' written consent or the court's leave." The Rule further provides that "the court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2); *Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) ("In general, a court should liberally allow a party to amend its pleading."). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint."

*Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

In conjunction with Rules 15, Rule 20(a)(2) provides that persons may be joined in the action as defendants if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20 (a)(2)(A), (B).

Rule 20(a)(2), like Rule 15(a)(2), requires liberal construction to promote judicial economy and trial convenience. *League to Save Lake Tahoe v. Tahoe Regional Planning Agency,* 558 F.2d 914, 917 (9th Cir. 1977) (citing *Mosley v. Gen. Motors,* 497 F.2d 1330, 1332–33 (8th Cir. 1974)). "[T]he same transaction or occurrence requirement 'refers to similarity in the factual background of a claim.'" *Fid. Nat. Title Co. v. U.S. Small Bus. Admin.*, No. 2:13-CV-02030-KJM-AC, 2014 WL 1883939, at *8 (E.D. Cal. May 12, 2014) (quoting *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997)). Claims that "arise out of a systematic pattern of events" and "have [a] very definite logical relationship" arise from the same transaction or occurrence. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 842-43 (9th Cir. 2000) (internal quotations omitted).

"[E]ven once [Rule 20(a)'s] requirements are met, a district court must examine whether permissive joinder would 'comport with the principles of fundamental fairness' or would result in prejudice to either side." *Coleman v. Quaker Oats Company,* 232 F.3d 1271, 1296 (9th Cir. 2000) (citing *Desert Empire Bank* 623 F.2d at 1375); *see also Boulton v. Am. Transfer Servs., Inc.*, No. 14CV00175-GPC-RBB, 2014 WL 3849915, at *4 (S.D. Cal. Aug. 5, 2014).

Thus, if the explicit requirements of Rule 20 are satisfied, courts consider several factors before determining whether to grant leave to amend:

> the possible prejudice that may result to any of the parties in the litigation, the delay of the moving party in seeking an amendment to his pleadings, the motive that the moving party has in seeking such amendment, the closeness of the relationship between the new and the old parties, the effect of an amendment on the court's jurisdiction, and

the new party's notice of the pending action.

*Desert Empire Bank*, 623 F.2d at 1375.

### B. Discussion

Plaintiff argues in his Motion to Amend/Join parties pursuant to Rule 20, that he seeks only to add new parties he claims are "related to" the retaliation claims already alleged in his Supplemental Complaint against Defendants Stratton, Flynn, Leard-Hansson, and Phan. *See* ECF No. 45 at 6-8.

The Court finds that joinder under Rule 20 is proper because Plaintiff's allegations as to the newly proposed parties "arise out of the same transaction or occurrence or series of transactions or occurrences," *i.e.*, the retaliatory period of administrative segregation already alleged in Plaintiff's Supplemental Complaint, and involve a "question of law or fact common to all defendants." FED. R. CIV. P. 20(a)(2)(A), (B).

Specifically, Plaintiff contends C.L. Daub, Correctional Counselor Cortez, V. Sosa, E. Ortiz, Associate Warden Hernandez, and Warden Paramo all retaliated and "conspired in collusion" with Defendants Stratton, Flynn, Leard-Hansson, and Phan "to place [him] in Ad-Seg" after he filed administrative appeals challenging both the decision to commit him (CDC 602 Log No. RJD HC 13047781) and requesting an investigation into the alleged falsification of his medical records (CDC 602 Log No. RJD HC 13048401). *See* ECF No. 45 at 9, 10, 12, 13, 16, 17, 19-20. Because he claims Daub, Cortez, Sosa, Ortiz, Hernandez, and Paramo all participated in the administrative proceedings related to his Ad-Seg placement and thereby acted in furtherance of Defendant Stratton, Flynn, Leard-Hansson and Phan's acts of retaliation as alleged in his Supplemental Complaint, *see id.* at 6-22, the Court finds Plaintiff has shown both that his purported retaliation claims as to these additional parties arise out of the same transactions or occurrences previously pled, and that "questions of law or fact common to defendants will arise in the action." *See* FED. R. CIV. P. 20(a)(2) (A), (B); *see also Coughlin*, 130 F.3d at 1351.

The Court further finds that Plaintiff's Motion was timely filed pursuant to the Court's October 9, 2015 Scheduling Order, *see* ECF No. 43 at 1; *AmerisourceBergen Corp.*

*v. Dialysist W., Inc.*, 465 F.3d 946, 952 (9th Cir. 2006) (applying FED. R. CIV. P. 15(a)'s liberal standards to motion for leave to amend filed within the deadline set by the district court in its Rule 16 scheduling order), and that Defendants have failed to show any prejudice that might result if Plaintiff were permitted to amend in order to join the proposed additional parties. *See Desert Empire Bank*, 623 F.2d at 1375; *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) (noting that "[t]he party opposing amendment bears the burden of showing prejudice."). Nor have Defendants shown Plaintiff seeks to amend in bad faith, or that amendment would be futile. *Johnson*, 356 F.3d at 1077; *see also Bowles v. Reade*, 198 F.3d 752, 757-58 (9th Cir. 1999). Finally, amendment permitting joinder of the additional parties proposed by Plaintiff pursuant to Rule 20 would have no anticipated effect on the court's jurisdiction. *See Desert Empire Bank*, 623 F.2d at 1375.

For these reasons, the Court GRANTS Plaintiff's Motion for Leave to Join/Amend Other Parties/ Defendants pursuant to FED. R. CIV. P. 20(a)(2)(A), (B) (ECF No. 45).

## V. Plaintiff's Motion for Summary Judgment

On March 14, 2016, Plaintiff also filed a Motion for Summary Judgment against Defendants Stratton, Flynn, Leard-Hansson and Phan pursuant to FED. R. CIV. P. 56 (ECF Doc. No. 55). Defendants oppose on grounds that they are currently in the process of deposing Plaintiff, and that the discovery period is not yet complete. *See* ECF No. 56 at 3, 5, 11 & ECF No. 56-1, ¶¶ 2, 3. In light of the Court's decision to permit Plaintiff leave to amend and/or join parties, however, the Court DENIES Plaintiff's Motion for Summary Judgment (ECF No. 55) without prejudice as premature.

## VI. Conclusion and Order

Based on the foregoing, the Court hereby:

1) **GRANTS** Plaintiff's Motion for Leave to Amend/Join Parties [ECF No. 45].

2) **DENIES** Plaintiff's Motion for Summary Judgment [ECF No. 55] without prejudice as premature.

3) **GRANTS** Plaintiff 45 days leave in which to file an Amended Complaint. Plaintiff is cautioned that his Amended Complaint will replace both his original Complaint

(ECF No. 1), as well as his Supplemental Complaint (ECF No. 7), and that therefore, it must be complete by itself without reference to either of his previous pleadings.[3] *See* S.D. CAL. CIVLR 15.1.a; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."). This means that Plaintiff must re-plead all his previously alleged claims as to each previously named Defendant. *Lacey v. Maricopa Cnty*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims which are not re-alleged in an amended pleading may be "considered waived if not repled."). Plaintiff is further cautioned that while his Amended Complaint may also add the retaliation claims described in his Motion for Leave to Amend/Join Parties (ECF No. 45] against RJD's Warden D. Paramo, Associate Warden Hernandez, Supervising Psychologist C.L. Daub, Correctional Counselor Cortez, Lieutenant V. Sosa, and Lieutenant E. Ortiz, he may not add any additional parties or allege any claims other than those previously alleged against Defendants Stratton, Flynn, Leard-Hansson, and E. Phan.[4]

    4)    **DIRECTS** the Clerk of Court to provide Plaintiff with a copy of its form Civil Rights Complaint pursuant to 42 U.S.C. § 1983 for his use in amending. Plaintiff must clearly caption his pleading as his "Amended Complaint" and include Civil Case No. 13cv2971 BTM (RBB) in its caption. Plaintiff's Amended Complaint must "contain a short and plain statement of the claim" against each individual Defendant, "each averment must be simple, concise, and direct," and "[a]dditional pages not to exceed fifteen (15) in number

---

[3] Local Civil Rule 15.1 also requires that "[a]ll amended pleadings must contain copies of all exhibits referred to in such amended pleadings."

[4] Because Plaintiff is proceeding *in forma pauperis* (ECF No. 9) and the yet-to-be added parties have not been served, the Court will direct the U.S. Marshal to effect service of the summons and Plaintiff's Amended Complaint upon the newly named Defendants upon filing pursuant to FED. R. CIV. P. 4(c)(3) and 28 U.S.C. § 1915(d). As to the previously named and served parties (Defendants Stratton, Flynn, Leard-Hansson, and Phan) however, Plaintiff is advised he need only serve their counsel, Deputy Attorney General Terrence F. Sheehy, with a copy of his Amended Complaint by mail pursuant to FED. R. CIV. P. 5(b) and S.D. CAL. CIVLR 4.1.d.

1  (excluding exhibits) may be included with the court approved form complaint." S.D. CAL.
2  CIVLR 8.2.a; FED. R. CIV. P. 8.
3      **IT IS SO ORDERED**.

5  Dated: May 25, 2016        _____
6                        Hon. Barry Ted Moskowitz, Chief Judge
7                        United States District Court