UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL M. SOARES,<br>CDCR # F-39579,<br><br>                                    Plaintiff,<br><br>vs.<br><br>DANIEL PARAMO, et al.,<br><br>                                    Defendants. | Case No.:  3:13-cv-02971-BTM-RBB<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>[ECF No.  76] |

Manuel M. Soares ("Plaintiff"), is a prisoner currently incarcerated at the California Health Care Facility ("CHCF") in Stockton, California, and is proceeding pro se and in this civil action pursuant to 42 U.S.C. § 1983.

Defendants are all correctional and mental health care officials employed at Richard J. Donovan Correctional Facility ("RJD") where Plaintiff was incarcerated in November 2012. *See* ECF No. 1 at 1-2, 4-5.

**I.     Procedural History**

On May 25, 2016, the Court granted Plaintiff's Motion to Join/Amend in order to add additional parties and claims, and denied his Motion for Summary Judgment without prejudice as premature (ECF No. 61). Instead of amending, however, Plaintiff filed a

Motion to withdraw his previously filed Motion to Join/Amend (ECF No. 67). The Court denied Plaintiff's Motion to Withdraw on June 16, 2016 as moot, but also construed it as Plaintiff's Notice of Intent to stand on his previous pleadings. (ECF No. 68).

Plaintiff has since filed a Motion for Reconsideration of this Court's May 25, 2016 Order—at least to the extent it denied his Motion for Summary Judgment (ECF No. 76). Essentially, Plaintiff asks the Court to again rule on the Motion for Summary Judgment it has already denied as moot, arguing that it is no longer premature because the period for fact discovery in his case has since closed.[1]

## II.     Plaintiff's Motion for Reconsideration

### A.     Standard of Review

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. However, a motion requesting reconsideration of a matter previously decided may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). A Rule 59(e) motion must be filed "no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). Because Plaintiff's current Motion was filed after the 28 days permitted by FED. R. CIV. P. 59(e), the Court will consider his request to arise under FED. R. CIV. P. 60. Under Rule 60, a motion for "relief from a final judgment, order or proceeding" may be filed within a "reasonable time," but usually must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1).

/ / /

---

[1] This is true; however, the period for expert discovery will not be complete until August 15, 2016, and the deadline to bring pretrial motions in this case will not expire until September 12, 2016. (ECF No. 43 at 3.) Moreover, discovery disputes remain outstanding in this case as Plaintiff himself has since filed a Motion to Quash Subpeona (ECF No. 70). On July 14, 2016, Defendants to filed a response to Plaintiff's Motion (ECF No. 73), but Judge Brooks has yet to consider Plaintiff's Motion.

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. FED. R. CIV. P. 60(b)*; School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

"Although the application of Rule 60(b) is committed to the discretion of the district courts . . ., as a general matter, Rule 60(b) is remedial in nature and must be liberally applied." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695-96 (9th Cir. 2001) (internal quotation marks and ellipsis omitted). Nevertheless, Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of "exceptional circumstances." *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1994).

**B.     Plaintiff's Motion**

Plaintiff does not seek reconsideration based on mistake, inadvertence, surprise or neglect. He does not present any newly discovered evidence, point to fraud, argue that the Court's May 25, 2016 Order is void, that any judgment has been satisfied, or point to any "other reason" that might justify reconsideration. *See* FED. R. CIV. P. 60(b)(1)-(6).

As noted above, this Court denied Plaintiff's Motion for Summary Judgment without prejudice as premature because it *was* premature given his request for leave to amend, and the fact that the period for discovery had yet to close. *See* ECF No. 61 at 10. In fact, the period for discovery in this case has *still* yet to close—Plaintiff's recently filed Motion to Quash a subpoena is still pending (ECF No. 70), and the motion cut-off date set for the filing of all pre-trial motions is almost two months away. (ECF No. 43 at 3.)

The Court notes that the denial of Plaintiff's Motion for Summary Judgment was without prejudice. Nothing prevents him from seeking a future summary judgment, and filing a motion that incorporates all relevant materials in the record obtained *after* the period set for the completion of all discovery as contemplated by Rule 56 has elapsed. *See, e.g., Moore v. Hubbard*, No. 06cv2187, 2009 WL 688897, at *1 (E.D. Cal. Mar. 13, 2009)

(recommending that pre-discovery motion for summary judgment be denied as premature); *see also Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003) (noting that when "a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case," the district court should grant requests by non-movants to take discovery prior to considering motion for summary judgment).

However, because Plaintiff has provided no basis for the Court to vacate or set aside its March 28, 2016 Order, relief under Rule 60 is not warranted. *See School Dist. No. 1J*, 5 F.3d at 1442; *Engleson*, 972 F.2d at 1044. A motion for reconsideration cannot be granted simply because Plaintiff is unhappy with the judgment, frustrated by the Court's application of the facts to binding precedent or because he disagrees with its ultimate decision. *See* 11 Charles Alan Wright & Arthur R. Miller Federal Practice & Procedure 2d § 2858 (Supp. 2015) (citing *Edwards v. Velvac, Inc.*, 19 F.R.D. 504, 507 (D. Wis. 1956)).

### III. Conclusion and Order

For these reasons, the Court **DENIES** Plaintiff's Motion for Reconsideration (ECF No. 76).

Date: July 25, 2016

Hon. Barry Ted Moskowitz, Chief Judge
United States District Court