UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL M. SOARES,<br>CDCR # F-39579,<br><br>                                   Plaintiff,<br><br>vs.<br><br>D. PARAMO, et al.,<br><br>                                   Defendants. | Case No.: 3:13-cv-2971-BTM-RBB<br><br>**ORDER:**<br><br>**1) DENYING PLAINTIFF'S MOTION TO SUBSTITUTE WITHOUT PREJUDICE [ECF No. 92]**<br><br>**AND**<br><br>**2) DIRECTING DEFENDANTS' COUNSEL TO SERVE STATEMENT NOTING DEATH UPON DEFENDANT JAN HANSSON'S SUCCESSOR OR REPRESENTATIVE PURSUANT TO Fed. R. Civ. P. 4** |

Manuel Soares (Plaintiff), a prisoner proceeding pro se and in forma pauperis in this civil rights case pursuant 42 U.S.C. § 1983, in response to two Notifications of Death upon the record as to Defendant J. Hansson (ECF Nos. 83, 86), has filed a Motion for Substitution pursuant to FED. R. CIV. P. 25 (ECF No. 92).

///

I.   **Plaintiff's Motion to Substitute**

Plaintiff seeks to substitute Defendant J. Hansson with the representative of his estate, Dr. Laura Leard, as a "party-defendant to this civil action" as Defendants have indicated in their Statement Regarding Appointment of Personal Representative (ECF No. 86 at 2), because she has been "named as the 'personal representative' of the estate of J[.] Hansson." (ECF No. 92 at 5.)

Neither Defendants' August 16, 2016 Statement Noting Death (ECF No. 83), their subsequent Statement Regarding Appointment of Personal Representative (ECF No. 86), nor Plaintiff's Motion to Substitute (ECF No. 92), however, include proof of personal service on the non-party representative as required by FED. R. CIV. P. 25 and FED. R. CIV. P. 4. *See* FED. R. CIV. P. 25(a)(3); *Barlow v. Ground*, 39 F.3d 231, 233-34 (9th Cir. 1994).

II.   **Fed. R. Civ. P. 25 / Substitution of Parties**

A motion for substitution must be made within 90 days after service of a statement of death.[1] FED. R. CIV. P. 25(a). Although Rule 25(a)(1) provides a 90-day window to file a motion for substitution or the action will be dismissed, there are two requirements to trigger the commencement of that period. "First, a party must formally suggest the death of the party upon the record." *Barlow*, 39 F.3d at 233. Second, while the suggestion of death may be served on the parties to the action pursuant to Federal Rule of Civil Procedure

---

[1] Plaintiff has sued J. Hansson for damages in his individual capacity. *See* ECF No. 1 at 2, 15. Under California law, which determines whether § 1983 claims survive the death of a party, Plaintiff's claims against J. Hansson are not extinguished by his death. *See Robertson v. Wegman*, 436 U.S. 590-91 (1978); *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996); *Ponce v. Gale*, 2014 WL 7381735 at *4 (C.D. Cal. Dec. 24, 2014) (unpub.); CAL. CODE CIV. PROC. § 377.20(a) ("Except as otherwise provided by statute, a cause of action for or against a person is not lost by reason of a person's death, but survives subject to the applicable limitations period."); *Barnett v. Evans*, 384 F. App'x 679, 680 (9th Cir. 2010) (district court not authorized to sua sponte substitute a successor if defendant was sued in his individual capacity). *Cf.* FED. R. CIV. P. 25(d)(1) (providing for automatic substitution for public officials sued in their official capacity if they die, resign, or cease to hold office while action is pending).

5(b), "non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons." *Id.*; *Schalow v. San Bernardino Cnty.*, 191 F.3d 461 at *1 (9th Cir. 1999) (unpub.) (affirming district court's denial of FED. R. CIV. P. 25 motion to substitute where defendant's formal suggestion of death on the record was not served on decedent's successors or representatives); *see also Giles v. Campbell*, 698 F.3d 153, 158 (3d Cir. 2012) (finding suggestion of death not served on the deceased party's successors or representatives as required by Rule 25(a) and Rule 4 deficient); *Allen v. Norum*, No. 14-CV-2570 LB, 2015 WL 5302617, at *2 (N.D. Cal. Sept. 10, 2015) (noting that *Barlow* "makes no distinction between the requirement for a deceased defendant and a deceased plaintiff.").

     In this case, neither Defendants nor Plaintiff have complied with Rule 25(a)(3) and Rule 4's service requirements. Both Defendants' Statements Noting Death were properly served upon *Plaintiff* as a party by mail pursuant to FED. R. CIV. P. 5(b) (*see* ECF No. 83 at 4; Doc. No. 86 at 3), but neither include proof of personal service as required by Rule 4 upon Dr. Laura Leard, who has been identified as decedent Defendant J. Hansson's "non-party successor or representative" as is required by FED. R. CIV. P. 25(a)(3). *See Barlow*, 39 F.3d at 233-34. Plaintiff's Motion to Substitute also includes a proof of service by mail upon Terrence Sheehy, the Deputy Attorney General representing the remaining Defendants as provided by FED. R. CIV. P. 5(b) (*see* ECF No. 92 at 9), as well as proof of service *by mail* upon the attorney identified by Mr. Sheehy as the person to whom "inquiries relative to th[e] appointment" of Dr. Laura Leard, the personal representative of the estate of J. Hansson, "may be referred." (*Id.*; *see also* ECF No. 86 at 2). However, Plaintiff has not provided proof of having *personally* served Dr. Laura Leard as the non-party successor or representative as required by Rule 4 and FED. R. CIV. P. 25(a)(3). *Barlow*. 39 F.3d at 233-34.[2]

---

[2] Because Plaintiff is proceeding in forma pauperis is this matter, *see* ECF No. 9, he may request U.S. Marshal Service for purposes of serving any subsequent motion to substitute

## III. Conclusion and Order

Accordingly, Plaintiff's Motion to Substitute (ECF No. 92) is DENIED without prejudice, and Defendants are ORDERED to file a renewed statement noting the death of Defendant J. Hansson, accompanied by proof of service upon Dr. Laura Leard, the personal representative of the estate of J. Hansson, pursuant to Rule 4 and FED. R. CIV. P. 25(a)(3) within 30 days.[3]

IT IS SO ORDERED.

Dated: November 10, 2016

*Barry Ted Moskowitz*
Barry Ted Moskowitz, Chief Judge
United States District Court

---

pursuant to FED. R. CIV. P. 25 he may wish to file upon Dr. Laura Leard as a nonparty successor or representative pursuant to 28 U.S.C. § 1915(d) and FED. R. CIV. P. 4(c)(3). However, Defendants must first file a renewed Notice of Death, together with proof of personal service upon Dr. Laura Leard, as required by FED. R. CIV. P. 4, 25(a)(3) and this Order, before the 90-day clock for filing a motion for substitution will be triggered. *Barlow,* 39 F.3d at 233-34. Until a properly supported and served Motion for Substitution is granted, the Attorney General who represented J. Hansson throughout the course of these proceedings up until his death on February 23, 2016, (*see* ECF No. 83-1 at 2), shall remain attorney of record for Defendant J. Hansson in this matter. *See* S.D. CAL. CIVLR 83.3(f)(2) ("Until [a] substitution is approved by the court, the authority of the attorney of record will continue for all proper purposes.").

[3] If Defendants' renewed Statement of Death does not include a record of the address where Dr. Laura Leard was personally served, Defendants' counsel may be ordered to provide that information in a confidential memorandum to the U.S. Marshal in the event Plaintiff requests U.S. Marshal service for any subsequent Rule 25 Motion to Substitute he chooses to file. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (noting incarcerated pro se litigants are entitled to rely on the U.S. Marshal, so long as the prisoner "furnishe[s] the information necessary to identify the defendant."); *see also Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (while a "state prison official may be justifiably reluctant to provide employee addresses to a prisoner due to security concerns, it can hardly claim the same reluctance in providing the information to a federal law enforcement agency.").