UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL M. SOARES,<br>CDCR #F-39579,<br><br>                        Plaintiff,<br><br>   vs.<br><br>D. PARAMO, Warden, et al.,<br><br>                       Defendants. | Case No.: 3:13-cv-02971-BTM-RBB<br><br>**ORDER APPOINTING PRO BONO COUNSEL PURSUANT**<br>**TO 28 U.S.C. § 1915(e)(1)**<br>**AND S.D. Cal. Gen. Order 596** |

      MANUEL M. SOARES ("Plaintiff"), a prisoner currently incarcerated at the California Healthcare Facility ("CHF") in Stockton, California, is proceeding pro se and in forma pauperis in this civil action, with both a Complaint and a Supplemental Complaint filed pursuant to 42 U.S.C. § 1983. *See* ECF Nos. 1, 7.

      Plaintiff contends Defendants violated his Fourteenth Amendment rights in 2012 when they transferred him involuntarily from Richard J. Donovan Correctional Facility ("RJD") to Atascadero State Hospital and then retaliated against him after he returned to RJD in 2013 for exercising his First Amendment right to petition for redress regarding the transfer. *See* ECF No. 1 at 8, 13; ECF No. 7 at 9-10.

///

## I. Procedural History

After more than three years of litigation, on March 29, 2017, the Court denied Plaintiff's Motion for Summary Judgment ("MSJ") and granted in part and denied in part Defendant Phan, Flynn, and Stratton's MSJ (ECF No. 114). Defendant Laura Leard was substituted as representative for the estate of deceased Defendant Jan Hansson pursuant to FED. R. CIV. P. 25(a)(1) on January 11, 2017, but did not join the remaining Defendants in moving for summary judgment. *See* ECF No. 114 at 3 n.2. Several post-MSJ settlement conferences were held before United States Magistrate Judge Ruben B. Brooks, but no settlement was reached. *See* ECF Nos. 117, 119, 121, 122. On July 5, 2017, the Court held a pretrial conference, set deadlines for filing motions in limine, a trial date, and scheduled a subsequent pretrial conference for October 11, 2017 (ECF No. 125). During the July 5, 2017 hearing, Plaintiff orally requested the appointment of counsel, and finding it suitable, the Court referred the case to its Pro Bono Coordinator in order to ascertain whether a randomly selected member of the Court's Pro Bono Panel could voluntarily accept a pro bono appointment for purposes of representing Plaintiff during all further proceedings before this Court, up to and including trial. *See* S.D. Cal. Gen. Order 596 ("Plan for the Representation of Pro Bono Litigation in Civil Case filed in the Southern District of California").

## II. Plaintiff's Request for Appointment of Counsel

While there is no right to counsel in a civil action, a court may under "exceptional circumstances" exercise its discretion and "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The court must consider both "'the likelihood of success on the merits as well as the ability of the [Plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

Applying these standards to this case, the Court has elected to exercise its discretion pursuant to 28 U.S.C. § 1915(e)(1), and has since the July 5, 2017 pretrial

conference, located volunteer pro bono counsel who has graciously offered to represent Plaintiff pro bono at the Court's request pursuant to S.D. Cal. Gen. Order 596. The Court's Pro Bono Plan, as established by Gen. Order 596, specifically provides for appointment of pro bono counsel "as a matter of course for purposes of trial in each prisoner civil rights case where summary judgment has been denied." *See id.* Summary judgment was denied in this case on March 29, 2017, and the case has failed to settle. Therefore, the Court has concluded the ends of justice would be served by the appointment of pro bono counsel under the circumstances. *See* 28 U.S.C. § 1915(e)(1); S.D. Cal. Gen. Order 596.

### III. Conclusion and Order

Accordingly, the Court hereby **APPOINTS** Sean Sullivan, SBN 254372, of Procopio, Cory, Hargreaves & Savitch, LLP, 525 B Street, Suite 2200, San Diego, California, 92101, as Pro Bono Counsel for Plaintiff.

Pursuant to S.D. Cal. CivLR 83.3.f.2, Pro Bono Counsel shall file, within fourteen (14) days of this Order if possible given Plaintiff's incarceration at CHF, a formal written Notice of Substitution of Attorney signed by both Plaintiff and his newly appointed counsel. Such Notice will be considered approved by the Court upon its filing, and Pro Bono Counsel will thereafter be considered attorney of record for Plaintiff for all purposes *during further proceedings before this Court, in this matter only, and at the Court's specific request*. *See* S.D. Cal. CivLR 83.3.f.1, 2.

The Court further **DIRECTS** the Clerk of the Court to serve Mr. Sullivan with a copy of this Order at the address listed above upon filing. *See* S.D. Cal. CivLR 77.3.

**IT IS SO ORDERED**.

Dated: July 31, 2017

Barry Ted Moskowitz, Chief Judge
United States District Court