# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL M. SOARES,<br>CDCR #F-39579,<br><br>                              Plaintiff,<br>vs.<br>DANIEL PARAMO, et al.,<br><br>                            Defendants. | Case No.: 3:13-cv-02971-BTM-RBB<br><br>**ORDER DENYING MOTION FOR WAIVER OF FILING FEE**<br><br>**[ECF No. 166]** |

On September 11, 2018, the parties in this case reached a final settlement, the terms of which were read into the record during proceedings held before the Honorable United States Magistrate Judge Ruben B. Brooks. *See* ECF No. 165. Judge Brooks entered a Minute Order following the mandatory settlement conference, and scheduled a follow-up telephonic settlement disposition for October 11, 2018, unless a signed join motion to dismiss was e-filed, and a proposed Order granting the joint motion was e-mailed to this Court before then.[1] *Id.*

---

[1] Judge Brooks has since vacated the October 11, 2018 settlement disposition conference, and has re-scheduled it for December 11, 2018. *See* ECF No. 169.

The parties agreed to settle the case for a total of $15,236.39, payable to Plaintiff, but "subject to offsets and deductions for outstanding restitution orders/fines and other amounts" owed by Plaintiff as reflected in his CDCR Inmate Statement Report. *See* Decl. of Sean M. Sullivan, ECF No. 166-2 & Ex. A. "That balance includes [the] $350 filing fee for this action." *See* ECF No. 166-1 at 2, ECF No. 166-2 at 2 ¶ 3. However, "[a]s part of the final settlement read into the record on September 11th, Defendants agreed not to oppose any request or motion by Plaintiff to request that the lawsuit filing fee in this action be waived." *See* ECF No. 166-2 at 2 ¶ 6.

On September 21, 2018, Plaintiff filed a "Motion for an Order Waiving the Filing Fee" [ECF No. 166].

**I.     Motion to Waive Filing Fee**

On October 4, 2014, this Court granted Plaintiff's Motion for Leave to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a), and directed the United States Marshal to effect service on his behalf pursuant to to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3). *See* ECF No. 9. Pursuant to 28 U.S.C. § 1915(b)(1), no initial partial filing fee was assessed, but Plaintiff was expressly advised that as a prisoner bringing a civil action in forma pauperis, he was "required to pay the full amount of a filing fee," albeit in installments as available pursuant to the formula provided by 28 U.S.C. § 1915(b)(2), and regardless of outcome. *See* ECF No. 9 at 3 (citing 28 U.S.C. § 1915(b)(1) & 2; *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002)).

Plaintiff now requests that the Court "waive" the $350 filing fee owed in this case "in the interests of justice in light of his historical indigen[ce], unemployed status and for purposes of achieving an equitable resolution for this litigation." *See* ECF No. 166-1 at 3. In support of this request, Plaintiff cites *Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995), which authorized the partial payment of filing fees under 28 U.S.C. § 1915, and the noted the federal court's "power to waive all fees" so as not to "take the prisoner's last dollar." *Id.* at 111-12. But *Olivares* pre-dates the Prison Litigation Reform Act's ("PLRA") amendments to 28 U.S.C. § 1915(b).

2

3:13-cv-02971-BTM-RBB

"Reacting to 'a sharp rise in prisoner litigation,' *Woodford v. Ngo,* 548 U.S. 81, 84 (2006), Congress in 1996 enacted the PLRA, which installed a variety of measures 'designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good,' *Coleman v. Tollefson,* 575 U.S. __, __, 135 S. Ct. 1759, 1762 (2015) (quoting *Jones v. Bock,* 549 U.S. 199, 204 (2007) (alteration in original))." *Bruce v. Samuels*, 136 S. Ct. 627, 629-30 (2016).

"Among those measures, Congress required prisoners to pay filing fees for the suits or appeals they launch." *Id.* at 630. "The provisions on fee payment, set forth in 1915(b), read:

> (1) ... [I]f a prisoner brings a civil action or files an appeal in forma pauperis, *the prisoner shall be required to pay the full amount of a filing fee*. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—
>
> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6–month period immediately preceding the filing of the complaint or notice of appeal.
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

*Id.* (citing 28 U.S.C. § 1915(b)(1), (2) (emphasis added)). "The monthly installment scheme described in § 1915(b)(2) also applies to costs awarded against prisoners when they are judgment losers." *Id.* (citing § 1915(f)(2)(B)).

Thus, § 1915 no longer provides any authority for courts to waive full payment of the filing fee required by § 1915(b)(1), or return any portion of the filing fee he has already paid, after the civil action has been consolidated, settled, or dismissed for any reason. *See e.g.*, *Johnson v. Darr,* No. 3:10-CV-2334-WQH-POR, 2018 WL 5246597, at

3

3:13-cv-02971-BTM-RBB

*2 (S.D. Cal. Oct. 22, 2018); *Avery v. Paramo*, No. 3:13-CV-2261 BTM DHB, 2015 WL 5228034, at *3 (S.D. Cal. Sept. 8, 2015); *Wilson v. Calif. Dep't of Corrs.*, No. 3:13-cv-1455 BTM (JLB) (S.D. Cal. Oct. 30, 2014); *Adams v. Maricopa Cty. Sheriff's Office*, 2010 WL 4269528 at *1–2 (D. Ariz. Oct. 25, 2010) (denying prisoner's motion to stop withdrawal of trust account funds pursuant to § 1915(b) and noting that "[t]he decision to file and prosecute this case was made by Plaintiff before he filed [his] case. Having filed [it], [he] and the Court are both statutorily limited by the strictures of 28 U.S.C. § 1915.").

## II. Conclusion and Order

Accordingly, Plaintiff's Motion for an Order Waiving the Filing Fee due in this case must be **DENIED** (ECF No. 166).

**IT IS SO ORDERED**.

Dated: November 13, 2018

Hon. Barry Ted Moskowitz, Chief Judge
United States District Court